# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Dana Commercial Vehicle Products, LLC | Case No.: 3:17CV1440 |
| Plaintiff, | |
| v. | **ORDER** |
| Purvis Industries, | |
| Defendant. | |

Plaintiff Dana Commercial Vehicle Products, LLC (Dana) sues Purvis Industries (Purvis) for breach of contract. Purvis, a Tennessee-based company, has filed a motion for change of venue under 28 U.S.C. § 1404(a). (Doc. 18). Dana opposes the motion on the basis of a forum-selection clause in the parties' contract. (Doc. 22). The clause specifies this court as the agreed-on litigation forum.

For the reasons that follow, I deny the motion.

## Background

Dana's complaint alleges that in the summer of 2016, a hydraulic press at its Huddleston, Tennessee facility needed repairs to its hydraulic pump. The parties contracted for Purvis to repair the pump. Purvis, in turn, subcontracted the repair to Engineering Technology Solutions (ETS), also a Tennessee company.

When the pump came back from ETS, Purvis advised Dana that Dana did not need Purvis's assistance with its reinstallation. Dana, accordingly, had its own workforce reinstall the pump in the press.

When Dana restarted the press, the pump forced the ram off the upper-limit switch. The operator then attempted to return the ram to the upper limit, but the ram moved down instead of up. As a result, the ram sheared off the ram locks, along with the bolts that attach the locks to the machine.

Dana repaired the bolts. While Dana was repairing the platform that holds the lower part of the die that shapes the pressed parts from below, the hydraulic pump forced the ram, without the upper die mounted, downward, causing the machine to build tonnage and shear the connecting rods to the machine.

Following these events, Dana, Purvis, and ETS determined that the "root cause" of the malfunction was ETS's improper calibration of the pump during the repair process.

Dana sued Purvis for breach of contract, and Purvis filed a third-party complaint against ETS for indemnification and contribution. ETS previously sought, and I granted, a transfer of that part of the suit to the United States District Court for the Western District of Tennessee. (Doc. 17). Purvis now moves to transfer Dana's breach-of-contract claim to that same forum.

## Discussion

Section 1404(a), which codifies the common-law *forum non conveniens* doctrine, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49 (2013), the Supreme Court emphasized the analytical distinctions between the "typical case" under § 1404(a), where a forum-selection clause is not involved, and cases such as this, where the parties have selected a forum. Absent such a clause, a court weighs various factors,

evaluates the convenience of the parties and various public-interest considerations, and decides on balance whether transfer is appropriate. *Id.* at 62–63.

"The calculus changes, however," when there is a forum-selection clause; that portion of the bargained-for exchange expresses the parties' expectations as to the most proper forum. *Id.* at 63. "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* (citation omitted). Accordingly, I give such clauses "controlling weight in all but the most exceptional cases." *Id.* (citation and internal quotations omitted).

That being so, a court must "adjust" the usual § 1404(a) analysis. *Id.* As applicable here, that adjustment means the parties' "private interests" are no longer a factor: the clause already expresses whatever private interests they may have had on entering the contract. *See id.* at 64 ("When the parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses or for their pursuit of the litigation."). That factor, accordingly, "weigh[s] entirely in favor of the preselected forum." *Id.*[1]

Consequently, I am left to "consider arguments about public-interest factors only," with "the practical result" being that I will likely enforce the forum-selection clause. *Id.* "[C]ourts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66. Thus, "[i]n all but

---

[1] Purvis distinguishes *Atlantic Marine* on the ground that the defendant there "wanted to transfer the case *to* the venue agreed upon in the parties forum-selection clause," whereas here, defendant Purvis "wants to transfer the case *from* the venue agreed upon" to a different one. (Doc. 18-1, ID 129). While it is unusual that plaintiff, rather than defendant, is the party seeking to enforce the forum-selection clause, Purvis, as the party looking to "defy[]" that clause, should nevertheless "bear[] the burden" of proving that litigating in the forum for which Purvis itself bargained "is unwarranted." *Atlantic Marine*, *supra*, 571 U.S. at 63. Dana has not "flout[ed] its contractual obligation" by "fil[ing] suit in a different forum." *Id.* at 64. Rather, Purvis has "flout[ed] its contractual obligation" by moving to transfer the case away from the agreed-upon forum. *Id.*

the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* (citation omitted).

This is not an "unusual," or "exceptional" case, nor one in which the public-interest factors overwhelmingly disfavor the forum-selection clause.

The only possible public-interest factor is the likelihood that, by splitting this case into two parts, more overall judicial time may be expended before this three-cornered dispute comes to an end. Even so, the net cost in that regard does not appear great.

Indeed, it may be less: if the proceeding in the Western District of Tennessee results in a verdict that potentially makes ETS liable to Purvis, then ETS can pay that verdict to Purvis, which in turn can pay it to Dana. From what I can presently tell, in that instance, there would be no need for any further proceedings here. Even if that does not happen in whole or part, the prospect of my having to spend time resolving what remains is not daunting–and certainly is not determinative. After all, the court in Tennessee will be doing the real work; I can easily tend to whatever tidying up is needed later.

Both parties direct me to a factually analogous case in which a defendant brought a cross-claim against a third party for indemnification of damages it might owe to the plaintiff. *See Premiere Radio Networks, Inc. v. Hillshire Brands Co.*, 2013 WL 5944051 (C.D. Cal.). In *Premiere*, the third-party defendant, Images USA, moved to enforce a forum-selection clause in its contract with the defendant/third-party plaintiff, Hillshire. Hillshire objected, arguing that if the court enforced the clause, Hillshire would have to be a defendant in one district, and a plaintiff in another. *Id.* at *2–3. It further claimed that keeping the case in one court would promote judicial economy.

Rejecting Hillshire's two-front war complaint, the court granted the motion and enforced the forum-selection clause. In addition, it noted that in the Ninth Circuit, "considerations of judicial economy alone do not permit this Court to ignore a 'presumptively valid forum selection clause.'" *Id.* at *3 (citation omitted). Without necessarily giving that comment an unqualified endorsement, I certainly agree that such is the case here.

**Conclusion**

Having found no basis on which I could disregard the valid forum-selection clause in this case, it is hereby

ORDERRED THAT the defendant's motion to transfer (Doc. 18) be, and the same hereby is, denied.

The Clerk shall set a telephonic status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge